UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jonathan A.L.L., <br><br> Petitioner, <br><br> v. <br><br> Todd Lyons, *in his capacity as Acting Director, Immigration and Customs Enforcement*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Pamela Bondi, *U.S. Attorney General*; Executive Office for Immigration Review; and David Easterwood, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations*, <br><br> Respondents. | Civ. No. 26-968 (JWB/DJF) <br><br><br> **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

Samantha Paige Matsch, Esq., Anderson & Anderson Law LLC, counsel for Petitioner.

Ana H. Voss, Esq., United States Attorney's Office, counsel for Respondents.

Petitioner Jonathan A.L.L. has filed a Petition for Writ of Habeas Corpus seeking immediate release from immigration custody. (Doc. No. 1.) Respondents were ordered to answer the Petition by February 5, 2026. (Doc. No. 4.) Respondents failed to do so. Accordingly, the Petition is unopposed.

The Petition demonstrates that Petitioner's detention in immigration custody is unlawful. Petitioner entered the United States in December 2022 and was released on

parole under 8 U.S.C. § 1182(d)(5). (Doc. No. 1 at 2, 12.) Being arrested years later on January 30, 2026, by Immigration and Customs Enforcement did not transform him into a noncitizen "seeking admission" who is subject to mandatory detention under 8 U.S.C. § 1225. *See, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150–52 (D. Minn. 2025).

Petitioner was arrested while within the country and thus, to the extent that he is subject to detention at all, that detention would be pursuant to 8 U.S.C. § 1226. But Petitioner alleges that Respondents did not present a warrant for his arrest or otherwise properly invoke that authority to detain him. Therefore, Petitioner is entitled to a writ of habeas corpus that grants his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention").

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner Jonathan A.L.L.'s Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.

2. **Release.** Respondents shall immediately release Petitioner from custody. He must be released in Minnesota. At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this

Order.

If Petitioner is currently held outside Minnesota, Respondents shall immediately initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiating Petitioner's return based on administrative convenience, transportation availability, or detention-capacity considerations.

Upon Petitioner's arrival in Minnesota, Respondents shall effectuate release forthwith. If, at the time release would otherwise occur, weather conditions would expose Petitioner to extreme cold or other reasonably dangerous conditions, Respondents may delay physical release only for the brief period necessary to effectuate release in a safe manner. Respondents shall employ the earliest reasonably available safe means of release and may not delay release where a safe option is available. Any such delay must be strictly limited and must not be used to justify continued custody, supervision, or discretionary release authority.

3.     **Notice.** Within 48 hours of this Order, Respondents shall file an update on the status of Petitioner's release. In the update, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

4.     Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and

independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order requires Petitioner's immediate release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions.

5. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

6. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 6, 2026                         *s/ Jerry W. Blackwell*
Time: 3:48 p.m.                                JERRY W. BLACKWELL
                                               United States District Judge